IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **UNDER SEAL** |
| v. | No. 1:25-MJ-292 |
| STEPHEN CHADWICK HOWELL, | |
| Defendant. | |

GOVERNMENT'S MOTION TO SEAL COMPLAINT
PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the complaint and affidavit in support of the complaint until the defendant is arrested.

**I.     REASONS FOR SEALING** (Local Rule 49(B)(1))

1.     As discussed in the affidavit accompanying this complaint package, the FBI is investigating an individual who used Telegram to discuss the collection and distribution of child pornography with another target in NY.  Given the evolution of this investigation, is it likely that this search will result in further individuals with whom the target was similarly communicating.

2.     Premature disclosure of the charges against the defendant the ability of the United States to locate and arrest the target.  As set forth in the affidavit in support of the complaint, this defendant is motivated to avoid arrest by any means necessary, up to and including self-harm.  Thus, a sealing order is necessary to avoid alerting the defendant to the fact of his imminent arrest, which could result in danger to himself and others.

**II.     REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

3.     The Court has the inherent power to seal complaints and affidavit in support of complaints.  *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975).  "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).  Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely.  *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

**III.    PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL** (Local Rule 49(B)(3))

4.  The complaint and affidavit in support of the complaint would need to remain sealed until the defendant is arrested.

5.  Upon the defendant's arrest, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

6.  The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the complaint and affidavit in support of the complaint and this Motion to Seal and proposed Order be sealed until the defendant is arrested.

Respectfully submitted,

Erik S. Siebert
United States Attorney

By:   /s/
Laura Withers
Assistant United States Attorney